## F. M. ANDREWS *v.* C. H. McLEOD ET AL.

1. REPLEVIN. *Claim of property. Special execution. Code* 1880, §§ 1774, 2624, 2628, 2633.

   One asserting ownership of personal property, about to be taken under special execution issued on a judgment in replevin to which he is not a party, cannot interpose a claim for it, and therefore he may maintain replevin against the officer, § 2633 of the code, prohibiting replevin in certain cases, not being applicable.

2. INJUNCTION. *Remedy at law.*

   In such case, the remedy at law being complete, the owner cannot resort to injunction.

FROM the chancery court of Sunflower county.

HON. W. R. TRIGG, Chancellor.

Appellant Andrews, administrator of the estate of William Rodgers, had in his possession a mule belonging to the estate. After the death of Rodgers, this mule at one time had been in possession of N. T. Jackson, against whom one Smith had recovered judgment in replevin for the possession of the mule. Special execution having been issued on this judgment, the sheriff was threatening to take the mule from Andrews, when he filed the bill in this case enjoining the officer. Smith, plaintiff in the judgment, and the sheriff were made parties defendant to the bill, and complainant alleged that as administrator of the estate he was entitled to the property.

The court sustained a general demurrer and dismissed the bill. Complainant appealed.

*Dabney, McCabe & Anderson,* for appellant.

The demurrer, because general and not special, should have been overruled. If the court below held the bill bad because there was a remedy at law, this should have been set up by special demurrer.

But the bill was not demurrable. The execution enjoined was a special one, issued on a special judgment. Our statutes allowing claimants issue in executions, attachments and replevins have failed to provide for a case like this.

Andrews was not administrator until after judgment in the replevin case of Smith against Jackson, and hence he could not intervene.   There being no remedy at law to protect our property, injunction was proper.

The record shows that Jackson gave bond for the forthcoming of the mule in the replevin suit.   Then the bond took the place of the property, and judgment was entered thereon,   Before this judgment was executed, Andrews obtained possession of the mule and held the same as administrator, as was proper.   It was the duty then, of the sheriff to make the value of the property out of Jackson and his bondsmen.   Instead of this, he chose to proceed against Jackson for the damages and costs only, and against the mule specifically in the possession of the administrator, which he had no right to do.

The decree should be reversed and defendants required to answer the bill.

*P. C. Chapman*, for appellees.

Complainant had an adequate remedy at law.   Injunction will not lie.   High on Inj., §§ 28, 89, 90; 43 Miss. 734; 47 Ib. 242; 12 S. & M. 645; 2 Ia. 567; 53 Miss. 198. There was no *pretium affectionis*.   Even where there is concurrent jurisdiction, injunction not allowed.   High on Inj., §§ 30, 91, 93.

Where a statutory remedy exists a court of equity will never interfere by injunction.   High, § 29.

The remedy was complete to claim the property under § 1774 of the code.

*E. W. Stewart*, on same side.

The bill in this case is not filed in good faith.   It is evident that the injunction was sued out for the purpose of harassing appellee. Jackson was allowed to have possession of the mule, and complainant did nothing by way of asserting ownership until after the litigation was all over and execution had been issued to enforce the judgment.

But there was a complete remedy at law.   Story's Eq. Ju., § 76; Mitf. Ch. Pl., p. 3; 30 Miss. 27, 177; 34 Ib. 17; 38 Ib. 182; 45 Ib. 726.

Complainant should have interposed a claim under § 1774 of the code.

CAMPBELL, J., delivered the opinion of the court.

The remedy of the appellant at law was full and complete, not by interposing a claim under § 1774 of the code, but by replevin against the sheriff who should seize the property, to which he would be entitled, *because he could not interpose a claim.* Section 1774 applies only to executions generally, and not to the special execution under § 2624. Nor could a claim have been made under § 2628 after the final judgment in the replevin suit.

*Affirmed.*